**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| JA'QUEZ PASCHAL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CASE NO. 5:12-CV-130-WLS-MSH |
| | : | 42 U.S.C. § 1983 |
| | : | |
| Warden CARL HUMPHREY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

## **O R D E R**

Plaintiff Ja'Quez Paschhal, an inmate at the Georgia Diagnostic and Classification Prison ("GD&CP"), filed a *pro se* 42 U.S.C. § 1983 civil rights action. He has also filed an *in forma pauperis* application seeking leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1914(a) (ECF No. 2).

In addition to submitting an *in forma pauperis* application, an inmate seeking to proceed without payment of the full filing fee must provide the Court with a certified copy of his inmate account statement for the proceeding six months. Because Plaintiff has failed to submit the necessary account statement, this Court does not have sufficient information to determine whether Plaintiff may proceed *in forma pauperis* and, if so, the amount of any initial partial filing fee. Accordingly, Plaintiff is **ORDERED** to provide the Court with a certified copy of his trust fund account statement for the six-month period for the past six months (or, if shorter, the time that Plaintiff has been confined at GD&CP).

Plaintiff has filed a pleading, which the Clerk's Office docketed as a motion, in which he alleges that he has twice requested his account statement and that prison officials are "refusing to provide him with a copy of his account and a signed certificate" (ECF No. 3).  Plaintiff seeks this Court's assistance in obtaining his account statement.

Plaintiff's motion is hereby **GRANTED,** but the Court directs Plaintiff to again request a copy of his trust fund account statement from prison officials.  Plaintiff should show the appropriate prison official(s) this Order when he makes his request.  If prison officials refuse to furnish Plaintiff with the account statement, Plaintiff should provide the Court with the following information: (1) the name(s) of the prison official(s) from whom Plaintiff requested his trust fund account statement; (2) the date(s) on which Plaintiff made such request(s); and (3) the date(s) on which Plaintiff was notified that the prison official(s) would not provide the requested documentation.  Plaintiff should forward to this Court any written response from prison officials regarding his request for an account statement.

Plaintiff shall have twenty-one (21) days of the date of this Order to submit a trust fund account statement for the immediately preceding six months.  Failure to do so, or to provide the information directed above, shall result in the dismissal of Plaintiff's complaint.  There shall be no service of process in this case until further order of the Court.

SO ORDERED, this 10th day of April, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE